**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herminio LIZARRAGA–LIZARRAGA, Defendant-Appellant.**

**No. 76–1677.**

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1976.

Rehearing and Rehearing En Banc Denied Oct. 18, 1976.

---

James D. Whitney (argued), Tucson, Ariz., for defendant-appellant.

William D. Vogel, Asst. U. S. Atty. (argued), Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before BARNES and KENNEDY, Circuit Judges, and EAST,* District Judge.

BARNES, Senior Circuit Judge.

On December 27, 1975, the defendant was arrested at the port of entry on the Arizona-Mexico Border, Nogales, Arizona. Found in the tractor-trailer that the defendant was driving was ammunition proscribed by the regulations promulgated pursuant to 22 U.S.C. § 1934. The ammunition was found secreted in the door panel of the truck cab, the refrigeration unit in the truck body, and behind the driver's seat in the truck cab.

At trial and on appeal, the defendant admits that he purchased the ammunition and that he intended to export it to Mexico. His defense is based on the contention that he had no knowledge that his conduct violated the law. Hence, the appellant claims that in order to be found guilty under 22 U.S.C. § 1934, the government must prove that he intended to violate the statute.

In relevant part, the indictment charges appellant with "wilfully and unlawfully attempt[ing] to export and take out of the United States . . . and into the Republic of Mexico ammunition" in violation of 22 U.S.C. § 1934. The defendant argues that the "willfully" requirement of § 1934(c) imposes a specific intent limitation upon the statute. The district court did not agree. In instructing the jury on general intent, the trial judge stated:

"Under the law an act is done knowingly if it is done voluntarily and intentionally and not because of mistake or accident or other innocent reason . . .. Before a defendant may be found guilty of a crime, the prosecution must establish beyond a reasonable doubt that under the statute and regulations defined in the instructions, the defendant was forbidden to do the acts which are charged against him in the indictment, and that he intentionally committed such acts. Now, in determining the defendant's intention or state of mind with which acts are done, the law assumes that every person intends the natural consequences of his voluntary acts. Therefore, the general intent required to be proved as an element of the crime involved here is inferred from the defendant's voluntary commission of the act forbidden by law, and it is not necessary to establish, or for the Government to prove that the defendant knew that his act was a violation of the law."

* The Honorable William G. East, Senior Judge, District of Oregon, sitting by designation.

R.T. at 101–02. The defendant contends that this general intent instruction constituted reversible error. We agree, and hold that he was entitled to a specific intent instruction. Accordingly, we reverse his conviction and remand for a new trial.

Two features of 22 U.S.C. § 1934 strongly indicate that Congress used the term "willful" to require a showing of specific intent. First, the statute prohibits exportation of items listed by administrative regulation, not by the statute itself. Second, upon referring to the pertinent regulation, 22 C.F.R. part 121, we find that the regulation contains an exhaustive list of items including amphibious vehicles, pressure-breathing suits, aerial cameras, "privacy devices," and concealment equipment (including paints). Unlike those substances which are known generally to be controlled by government regulation, such as heroin or like drugs, these items might be exported or imported innocently. Under such circumstances, it appears likely that Congress would have wanted to require a voluntary, intentional violation of a known legal duty not to export such items before predicating criminal liability.

The Fifth Circuit appears to agree with our conclusion. In *Etheridge v. United States*, 380 F.2d 804 (5th Cir. 1967), the defendants were charged with willfully and unlawfully exporting from the United States a T–28 aircraft in violation of 22 U.S.C. § 1934. In affirming the convictions, the court held that there was sufficient evidence to support the jury's finding that "each of the defendants *knew it was unlawful* to export from the United States to Haiti the aircraft . . . .." *Id.* at 807. (emphasis added). Although the court did not directly hold that § 1934 imposes a specific intent limitation upon criminal liability, the language employed by the court strongly implied that such a specific intent limitation is applicable.

As additional authority for our holding today that the term "willful" in § 1934 requires a showing of specific intent, we rely upon the interpretation by courts of the term "willful" in the Revenue Acts.

*See* 26 U.S.C. §§ 7201–07. In defining this term under the revenue statutes, the Supreme Court has recently stated:

"The Court . . . has recognized that the word 'willfully' in these statutes generally connotes a voluntary, intentional violation of a known legal duty. It has formulated the requirement of willfulness as 'bad faith or evil intent,' or 'evil motive and want of justification in view of all the financial circumstances of the taxpayer,' or knowledge that the taxpayer 'should have reported more income than he did.'"

*United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973) (citations omitted). *See McCarthy v. United States*, 394 U.S. 459, 471, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Sansone v. United States*, 380 U.S. 343, 353, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *James v. United States*, 366 U.S. 213, 221, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961); *Spies v. United States*, 317 U.S. 492, 498, 63 S.Ct. 364, 87 L.Ed. 418 (1943); *United States v. Murdock*, 290 U.S. 389, 394–98, 54 S.Ct. 223, 78 L.Ed. 381 (1933). Thus, mere negligence, even gross negligence, does not satisfy the willfulness requirement. *United States v. Colacurcio*, 514 F.2d 1, 8 (9th Cir. 1975); *United States v. Klee*, 494 F.2d 394, 395 and n. 1 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). Rather, the willfulness requirement is satisfied if the defendant's act or failure to act is voluntary and purposeful, and if committed with the specific intent to do or fail to do what he knows is unlawful. *United States v. Swanson*, 509 F.2d 1205, 1210 (8th Cir. 1975); *United States v. Klee, supra,* 494 F.2d at 395 and n. 1.

Similar to the revenue statutes, Congress in enacting 22 U.S.C. § 1934 did not intend to criminally penalize innocent or negligent errors. This assertion is supported by the pertinent regulations ordered pursuant to § 1934 (22 C.F.R. part 121), which prohibit the exportation of an extensive list of items, many of which could be exported either innocently or negligently. Rather, the "willfully" requirement of § 1934 indicates that the defendant must know that

his conduct in exporting from the United States articles proscribed by the statute is violative of the law. *Etheridge v. United States, supra,* 380 F.2d at 807.

Accordingly, we hold that in order for a defendant to be found guilty of exporting under 22 U.S.C. § 1934, the government must prove that the defendant voluntarily and intentionally violated a known legal duty not to export the proscribed articles, and the jury should be so instructed.

The judgment of the district court is *reversed*, and the matter remanded for a second trial.