**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Jose Guadalupe HERNANDEZ, Defendant-Appellant.**

**No. 80–2204**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 23, 1981.

---

290

Herbert E. Cooper, Asst. Federal Public
Defender, El Paso, Tex., for defendant-ap-
pellant.

LeRoy M. Jahn, Asst. U.S. Atty., San
Antonio, Tex., Joan C. Barton, Atty., Dept.
of Justice, Washington, D.C., for the U.S.

Before CHARLES CLARK, Chief Judge,
RUBIN and SAM D. JOHNSON, Circuit
Judges.

PER CURIAM:

Jose Guadalupe Hernandez appeals his
jury conviction in the Western District of
Texas on three counts of firearms viola-
tions. We affirm the conviction on one
count and reverse the other two.

In May, 1980 agents for the Bureau of
Alcohol, Tobacco and Firearms (ATF)
learned that Hernandez had made multiple
purchases of handguns and ammunition.
This information was provided on forms
submitted by several firearms dealers in El
Paso, pursuant to federal regulations.[1]

On July 9, ATF agents responded to an-
other call from an El Paso gun dealer in-
forming them that Hernandez was purchas-
ing handguns in his store. Although the
agents arrived at the store after Hernandez
had left, they subsequently observed him
purchasing ammunition at another store,
and then watched as he concealed a sack
under the hood of his car. Hernandez was
arrested crossing the Stanton Street Inter-

---

1. Under 27 C.F.R. § 178.124 (1980) a licensed
firearm dealer must record sales to unlicensed
persons. Where multiple sales are involved
(two or more handguns sold within five days),
a report must be forwarded immediately to the

ATF. 27 C.F.R. § 178.126a (1980). These regu-
lations implement 18 U.S.C. app. § 1201–03,
dealing with unlawful possession or receipt of
firearms.

national Bridge to Juarez, Mexico, with three firearms under the hood of the car and one in the glove compartment. He was indicted and convicted for violation of 18 U.S.C. § 922(a)(1) (count 1)[2]; 924(b) (count 2)[3]; and 22 U.S.C. § 2778(b) and (c) (count 3)[4]. Sentence was five years on count 1, five years on count 2, and two years on count 3. The sentences are concurrent.

■ Hernandez attacks his conviction on count 1 on the basis that the evidence was insufficient to prove he was engaged in the business of dealing in firearms without a license. However, the proof showed conclusively that appellant had no license, purchased thirty guns from dealers in El Paso during a four month period and sold them for a profit in this country and Mexico. This evidence amply satisfied the definition of dealing in firearms. *United States v. King*, 532 F.2d 505, 510 (5th Cir.), *cert. denied*, 429 U.S. 960, 97 S.Ct. 384, 50 L.Ed.2d 327 (1976).

■ The government urged in its brief that we employ the concurrent sentence doctrine in the event Hernandez' conviction on count 1 was affirmed. The doctrine may be stated as follows: the existence of one valid conviction may make unnecessary the review of other convictions when concurrent sentences have been imposed. *United States v. Rubin*, 591 F.2d at 280 (citing *Hirabayashi v. United States*, 320 U.S. 81, 85, 63 S.Ct. 1375, 1378, 87 L.Ed. 1774 (1943)). However, the invalidity of Hernandez' conviction on counts 2 and 3 is readily apparent and therefore we prefer to reach and rule on the merits. We do so fully cognizant of the course taken in applying the doctrine in *United States v. Cardona*, 650 F.2d 54, 57–58 (5th Cir. 1981)[5].

The concurrent sentence doctrine is above all a rule of judicial convenience, *United States v. Rubin*, 591 F.2d 278, 280 (5th Cir. 1979). The pretermitted issues in *Cardona* would have entailed much more difficult analysis than those here. It strikes us that pretermitting such readily apparent findings would be judicially inconvenient, in the sense of leaving open a possible future appeal to the government which we know at the present time to be without merit.

■ *United States v. Davis*, 583 F.2d 190 (5th Cir. 1978) requires that Hernandez' conviction on counts 2 and 3 be reversed. *Davis*, like the present case, involved a conviction for willfully exporting weapons on

2. 18 U.S.C. § 922(a)(1) provides:
(a) It shall be unlawful—
(1) for any person, except a licensed importer, licensed manufacturer or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms or ammunition, or in the course of such business to ship, transport, or receive any firearm or ammunition in interstate or foreign commerce.

3. 18 U.S.C. § 924(b) provides:
(b) Whoever, with intent to commit therewith an offense punishable by imprisonment for a term exceeding one year, or with knowledge or reasonable cause to believe that an offense punishable by imprisonment for a term exceeding one year is to be committed therewith, ships, transports, or receives a firearm or any ammunition in interstate or foreign commerce shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

4. 22 U.S.C. § 2778 provides:
(a)(1) ... The President is authorized to designate those items which shall be considered as defense articles and defense services and to promulgate regulations for the import and export of such articles and services. The items so designated shall constitute the United States Munitions List.
(b)(2) Except as otherwise specifically provided in regulations issued under subsection (a)(1) of this section, no defense articles or defense services designated by the President under subsection (a)(1) of this service may be exported or imported without a license for such export or import ....
22 U.S.C. § 2778(c) sets a penalty of not more than two years imprisonment, or $100,000 fine or both for "willful" violations of the statute.

5. In *Cardona*, we adopted the approach of the D.C. Circuit in *United States v. Hooper*, 432 F.2d 604, 606 (D.C.Cir.1970) vacating a judgment of conviction for which a concurrent sentence was imposed. *See also United States v. Warren*, 612 F.2d 887, 895 (5th Cir. 1980) (en banc) (Roney and Hill, JJ., concurring and dissenting). We noted in *Cardona* that vacation of judgment acts as a suspension of the imposition of sentence, and that the government was free to seek reimposition, subject to appellate review, at a later time.

the Munitions List. We approved in *Davis* the Ninth Circuit's holding in *United States v. Lizarraga-Lizarraga*, 541 F.2d 826 (9th Cir. 1976), that the statute's requirement of willfulness connoted a voluntary, intentional violation of a known legal duty. We also agreed with the Ninth Circuit that particularly where the weapons covered by the statute are spelled out in administrative regulations, specific intent is required. *Davis* acknowledged that our decisions concerning specific intent instructions were not one hundred percent consistent. We held nevertheless that the trial court must instruct the jury on the effect and relevance of a defendant's ignorance of the law. 583 F.2d at 194. This is required both in instances where the trial court had instructed that the defendant was presumed to know the law, *United States v. Schilleci*, 545 F.2d 519 (5th Cir. 1977), and in instances where no instruction at all had been given. *United States v. Granda*, 565 F.2d 922 (5th Cir. 1978). Here, despite arguments and objections by defense counsel, the trial court failed to discuss Hernandez' claims of ignorance, as they pertained to counts 2 and 3. While it is true that Hernandez' concealment of the weapons possibly supported a jury finding that he knew his conduct was unlawful, *cf. Etheridge v. United States*, 380 F.2d 804 (5th Cir. 1967) such a finding falls short of deciding that he knew he was unlawfully exporting weapons on the Munitions List. In any event, *Davis* and the cases it cites, teach that the court should put squarely before the jury the relevance of ignorance of the law. Obviously, reversal of conviction on count 3 is mandated. *Davis* also requires reversal of count 2 because the indictment under that count incorporates willful exportation.[6]

We affirm Hernandez' conviction on count 1 and reverse on counts 2 and 3.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

---

6. The government charged Hernandez with violating 18 U.S.C. § 924(b) to-wit: transporting with intent to commit the crime of willful exportation.