**UNITED STATES of America**

v.

**Ivonne ADAMES.**

**No. 87–862–CR.**

United States District Court,
S.D. Florida.

April 4, 1988.

Thomas A.W. Fitzgerald, Asst. U.S. Atty., Miami, Fla., for U.S.

James McGuirk and Thomas K. Equels (Co-counsel), Miami, Fla., for Ivonne Adames.

AMENDED MEMORANDUM OPINION

SCOTT, District Judge.

This cause is before the Court upon the Defendant Ivonne Adames' Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29. The Defendant is charged in three counts with violation of Title 22 U.S.C. § 2778 which prohibits the exportation of defense articles without a license issued in accordance with the Act and regulations promulgated thereunder. Specifically, Ivonne Adames is charged with conspiring with her brother, a Co–Defendnat not on trial, in Count One and with aiding and abetting her brother in

an attempt to export to Panama firearms without a license from the Secretary of State in Counts Two and Three. The Defendant has denied these accusations; and, specifically, in the motion, Adames argues that the Government has failed to prove that she has the specific intent to violate the Arms Export Control Act ("AECA").

## LEGAL STANDARD

The test for determining a Rule 29 Motion is well-known and oft-quoted in such landmark cases as *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942) and *United States v. Bell*, 678 F.2d 547, 549 (5th Cir.1982) (*en banc* ), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983), and need not be re-quoted here. Suffice it to say, we acknowledge the standard.

In this case the Government acknowledges that to prove a violation of Title 22 U.S.C. § 2778, the Government must prove that Ivonne Adames acted willfully, i.e., with a specific intent to violate the law. In *United States v. Davis*, 583 F.2d 190 (5th Cir.1978), a Fifth Circuit case which is controlling here, the Court stated:

In *Etheridge v. U.S.*, 380 F.2d 804 (CA5. 1967), [sic] we sustained convictions under an indictment charging that the defendants "knowingly, wilfully, and unlawfully" exported articles on the Munitions List without having obtained an export license or written approval from the State Department. We said that the count set forth all of the elements of that offense. In reviewing the sufficiency of the evidence, however, we stressed, "Evidence of facts and circumstances introduced at the trial afforded adequate support for a finding by the jury that each of the defendants knew it was unlawful to export [an article on the Munitions List]." 380 F.2d at 807 (emphasis added). Thus *Etheridge* suggests that specific intent is required, even though the opinion did not squarely address the question of degree of intent. In *U.S. v. Lizarraga–Lizarraga*, 541 F.2d 826 (CA9, 1976), the Ninth Circuit held that § 1934's requirement of wilfulness connotes a voluntary, intentional violation of a known legal duty. Because the items covered by the statute are spelled out in administrative regulations and include items not known generally to be controlled by the government, the Ninth Circuit inferred that Congress did not intend to impose criminal penalties on innocent or negligent errors. We persuaded by this analysis and agree that § 1934 requires specific intent. *See U.S. v. Davis*, p. 193. (We note that § 1934 was the predecessor to § 2778.)

The requirement of specific intent has been discussed and followed by subsequent Circuits, a good discussion is found in *United States v. Golitschek*, 808 F.2d 195, 201, 202–203 (2nd Cir.1986). With this recognition of the appropriate standard, we next consider the facts adduced by the Government, in a light most favorable to it.

## THE EVIDENCE

Ivonne Adames, as noted above, was the vice-consul of Panama. Her brother Ivan Blasser owns and operates a security company in Panama. According to the testimony, Blasser purchased firearms (handguns and shotguns) from American distributors, and then shipped the weapons to Panama for use in his company. His sister aided and abetted in this enterprise. As anticipated at this juncture, AECA comes into play and with it, Ivonne Adames' knowledge of its requirements.

The Government argues that knowledge and intent are matters for a jury, which must be determined from the attendant facts. *See United States v. Beck*, 615 F.2d 441, 449 (7th Cir.1980) ("Criminal intent is often difficult to demonstrate by direct proof; it may be inferred from the attendant facts and circumstances.") Specifically, the Government points to Exhibit 13(a) which is a sales receipt for firearms signed by the Defendant. Stamped on that exhibit is an "Export Notice" which states:

## EXPORT NOTICE

Certain Products may not be exported from the U.S.A. without specific approval from the Dept. of Commerce (Part 370.

Export Administration Regulations) and/or Dept. of State (Title 22, Parts 121–128. (ITAR)). It is the BUYER'S responsibility, not the SELLER'S, to obtain such licensing unless agreed otherwise.

_____

Customer Signature

The Government contends that this EXPORT NOTICE puts the Defendant on reasonable notice of the requirement to obtain a license from the Secretary of State or, at least, inquire about such a requirement. Additionally, the Government points to other circumstantial evidence which includes the Defendant's subsequent refusal to sign sales invoices acknowledging receipt of other firearms shipments. Finally, the prosecution points to statements which it categorizes as false exculpatory statements, thus, demonstrating a substantive consciousness of guilt by the Defendant.

### LEGAL ANALYSIS

■ At the outset, it is clear that without the documentary evidence of the "EXPORT NOTICE" the Government would not have sufficient evidence to demonstrate the specific knowledge required to sustain a conviction under § 2778. Therefore, the prosecution's case hinges on the wording of the export notice; and, whether this wording meets the requirements needed to prove specific intent. In turn, this requires an examination of the legislative history of § 2778 and the cases which have interpreted it. Our scrutiny of the pertinent cases demonstrates that knowledge has been proved generally in one of three manners: (1) the Defendant was specifically told of the requirement; (2) the Defendant was an expert in arms transactions and, therefore, was aware of the requirement; and (3) a written notice was provided to the Defendant as part of the arms invoice.

In the present case, there is no evidence that the Defendant Adames was told of the requirement. As part of its proof, the Government produced as witnesses all the firearm distributor sales personnel who spoke with the Defendant. None of these witnesses testified that they told Adames

of the AECA requirements. Next, there is no record evidence that Adames was an expert or knowledgeable about licensing and arms shipping requirements. While Ms. Adames is an intelligent woman who was vice-consul of Panama, this position does not catapult her into an expert in AECA. Therefore, we are left with the last category, written notice.

Our research reveals that there is only one decided opinion involving written notice. In _United States v. Swarovski,_ 592 F.2d 131 (2d Cir.1979), the Defendant was convicted of attempting to export a military aircraft gunsight camera without a State Department license. On the face of the invoice for the camera in bold type was the following language:

ABOVE ITEMS ARE OF U.S.A. ORIGIN AND MANUFACTURE. ABOVE PHOTOGRAPHIC EQUIPMENT IS UNDER UNITED STATES DEPARTMENT OF STATE MUNITIONS LIST CATEGORY NUMBER XIII(a), AND AS SUCH MUST BE EXPORT LICENSED BY THE U.S. DEPARTMENT OF STATE PRIOR TO EXPORT FROM THE UNITED STATES.

A comparison of the language in _Swarovski_ with the EXPORT NOTICE in the present case reveals major differences in information provided to the purchaser. In _Swarovski,_ the language provides specific notice that the photographic equipment is under United States Munitions List Category Number XIII(a) and as such must be export licensed by the U.S. Department of State prior to export from the United States. This language provides notice as to specific equipment involved, specific regulation involved and specific requirements which must be satisfied prior to export. In short, it provided the purchaser with knowledge that it was unlawful to export the camera outside the United States without State Department approval.

In the present case, the Export Notice is glaringly different. Here, the notice refers to "certain products" which may not be exported without specific approval from the Department of Commerce or Department of State. The notice adds that it is

the buyer's responsibility, not the seller's, to obtain such licensing. This notice differs from *Swarovski* in that it fails to specify the equipment, regulation and requirements needed to export the article. In short, it does not provide the purchaser with knowledge that it was unlawful to export the handguns outside the United States without State Department approval.

In *United States v. Davis*, 583 F.2d 190 (5th Cir.1978), the Court in interpreting § 1934 (again, the predecessor to § 2778) held that it was necessary to prove that the Defendant knew it was unlawful to export the article on the Munitions List. *See also, Etheridge v. United States*, 380 F.2d 804 (5th Cir.1967). The Court reached this conclusion "... [b]ecause the items covered by the statute are spelled out in administrative regulations and include items not known generally to be controlled by the Government;" accordingly, "... Congress did not intend to impose criminal penalties on the innocent or negligent errors." *Id.* at 193. Subsequently, in *United States v. Wieschenberg*, 604 F.2d 326 (5th Cir.1979), the Court reiterated, "[t]herefore, to sustain a conviction on a charge of conspiracy to violate Section 1934(c) the government must prove that the defendant agreed to and specifically intended to export without a license particular property that is restricted by the Munitions List." *Id.* at 331.

In applying this standard to the export notice, we conclude that it does not convey sufficient knowledge to meet the specific intent requirement. Thus, the only question remaining is whether the other attending facts, read in combination with the export notice, is sufficient to generate a jury issue. Again, we conclude that these circumstances are legally insufficient.

■ The Government's contention that Adames' failure to sign subsequent invoices must carry some sinister inference is simply belied by the evidence. Indeed, the testimony, both by Government witnesses and the Defendant, demonstrates that her refusal to sign the invoice was due to her fear that she would become embroiled in political issues arising out of the current Noriega crisis between the United States and Panama. Finally, we simply reject the Government's characterization that statements given by Adames to customs agents were false exculpatory statements. The evidence demonstrates without contradiction that both Adames and her brother freely and voluntarily met with customs officers and answered all the questions put to them. Her statement given at that time and her trial testimony are consistent in that she was not aware of the AECA requirements.

## CONCLUSION

The Court concludes that the Government has failed to prove that Ivonne Adames "willfully" committed the crime of aiding and abetting her brother in the attempted exportation of firearms designated as defense articles on the United States Munitions List without applying for or obtaining required export licenses from the United States Department of State, in violation of Title 22 U.S.C. § 2778(c) and Title 18 U.S.C. § 2, as charged in Counts Two and Three of the Indictment. In addition, "in order to sustain a judgment of conviction on a charge of conspiracy to violate a federal statute, the Government must prove at least the degree of criminal intent necessary for the substantive offense itself." *United States v. Wieschenberg, supra*, p. 331 *quoting United States v. Feola*, 420 U.S. 671, 686, 95 S.Ct. 1255, 1264–65, 43 L.Ed.2d 541 (1975). Accordingly, we enter judgment of acquittal on the conspiracy count charging violation of Title 22 U.S.C. § 2778 and 18 U.S.C. § 371. Parenthetically, we add that for the purpose of future prosecution it may be helpful for the United States Government to promulgate appropriate notices to be displayed by suppliers, or, alternatively have the Congress of the United States readdress the question of whether the requirement of willfulness should be eliminated for future offenses. These matters are better left to these Governmental entities and not this Court. Here, we have simply applied the law as we find it.