**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Gerald A. HENDERSON, Defendant–Appellant.**

**No. 00–10168.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2001

Filed March 22, 2001

Monique Branscomb, Phoenix, Arizona, for the defendant-appellant.

Linda C. Boone, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: SNEED, GRABER and PAEZ, Circuit Judges.

GRABER, Circuit Judge:

Defendant Gerald Henderson appeals his conviction under 43 U.S.C. § 1733(a) for violations of two subsections of 43 C.F.R. § 3715.6, a regulation promulgated by the Bureau of Land Management (BLM). Defendant contends that the magistrate judge[1] committed reversible error when he failed to instruct the jury that 43 U.S.C. § 1733 is a "specific intent" offense, requiring the prosecution to prove that Defendant knew that his conduct was unlawful. We agree with Defendant that 43 U.S.C. § 1733 is a specific-intent offense. However, because the magistrate judge's failure to give Defendant's requested instruction was harmless error, we affirm the conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 1998, Defendant was observed digging an open trench on public land administered by the BLM at Farrar Gulch in Arizona. A field inspection of the land by a BLM employee on February 4, 1998, revealed a travel trailer, heavy equipment, building materials, an open trench, and barriers constructed from boulders. On February 5, 1998, BLM agents served Defendant with a Notice of Immediate Suspension, directing him to remove all equipment and barriers and to fill all trenches within five days. It also ordered him to cease residential occupancy of the land within two days. The BLM conducted another field inspection on February 10, 1998. It discovered that Defendant had not complied with the suspension notice. On February 11, 1998, Defendant met with BLM agents to request addition-

al time to comply with the suspension, but declined to accept the BLM's conditions for additional time. The BLM investigated the land again on February 16. By that time, Defendant had removed his trailer and personal belongings; the trench, barriers, and equipment remained, however. By February 25, Defendant had removed all equipment and had vacated the land, leaving the trench and the barriers. The BLM incurred $1,491.26 in costs for filling the trench and removing the barriers left by Defendant, plus additional costs for replacing vegetation that he destroyed.

Based on the foregoing events, a misdemeanor complaint was filed in the District of Arizona. It alleged multiple violations of 43 C.F.R. § 3715.6, in contravention of 43 U.S.C. § 1733(a).

At his jury trial, Defendant requested the following jury instruction on the "willfulness" element in 43 U.S.C. § 1733(a): "Wilfulness is to commit an act willfully, which is 'voluntary and purposeful and . . . committed with the specific intent to do or fail to do what [defendant] knows is unlawful.'" The magistrate judge declined to give Defendant's proposed instruction, instead instructing the jury that "[t]he word 'willfully' means that a person knowingly and intentionally committed the acts which constitute the offenses charged."

The jury found Defendant guilty under 43 U.S.C. § 1733(a) of two violations of 43 C.F.R. § 3715.6: failing to comply with the Notice of Immediate Suspension, in violation of 43 C.F.R. § 3715.6(e); and maintaining "enclosures, gates, or fences, or signs intended to exclude the public," in violation of 43 C.F.R. § 3715.6(g).

Defendant filed a motion for a new trial with the magistrate judge. The magistrate judge then sentenced Defendant to a term of three years' probation, a fine of $1,000, restitution of $2,786.26 to the BLM, and a special assessment of $25.00. De-

---

1. Title 18 U.S.C. § 3401 confers jurisdiction on magistrate judges to try and to sentence persons charged with misdemeanors.

fendant filed a notice of appeal to the district court before the magistrate judge could rule on the motion for a new trial.

The district court heard Defendant's appeal. It affirmed from the bench with respect to the magistrate judge's jury instruction on willfulness. The court also concluded that Defendant's motion for a new trial was not before the court and, at any rate, was mooted by Defendant's filing of a notice of appeal. Defendant timely filed an appeal in this court.

## ANALYSIS

1. *The Instruction on the Element of Willfulness*

■ We review de novo whether a jury instruction misstated an element of a statutory crime. *United States v. Gracidas–Ulibarry,* 231 F.3d 1188, 1191 (9th Cir.2000). If it did, we reverse a defendant's conviction unless the misstatement was harmless beyond a reasonable doubt. *Id.* at 1197.

### A. *There was Error.*

■ Title 43 U.S.C. § 1733(a) authorizes the Secretary of the Interior to promulgate regulations in order to enforce the statutes governing the management of public lands. Section 1733(a) also authorizes the Secretary to enforce the regulations through criminal sanctions:

> The Secretary shall issue regulations necessary to implement the provisions of this Act with respect to the management, use, and protection of the public lands, including the property located thereon. Any person who knowingly and willfully violates any such regulation which is lawfully issued pursuant to this Act shall be fined no more than $1,000 or imprisoned no more than twelve

months, or both. Any person charged with violation of such regulation may be tried and sentenced by any United States magistrate judge designated for that purpose by the court by which he was appointed, in the same manner and subject to the same conditions and limitations as provided for in section 3401 of Title 18.

Chapter 43 C.F.R. part 3715 is one set of regulations promulgated under § 1733. Those regulations govern the occupancy of public lands for mining purposes. *See* 43 C.F.R. § 3715.0–1 (discussing the purpose and scope of part 3715). In this case, Defendant was convicted under 43 U.S.C. § 1733(a) of violating two subsections of 43 C.F.R. § 3715.6: subsection (e), which provides that the BLM prohibits "[n]ot complying with any order issued under this subpart within the time frames the order provides"; and subsection (g), which provides that the BLM prohibits "[p]lacing, constructing, or maintaining enclosures, gates, or fences, or signs intended to exclude the general public, without BLM's concurrence."

It is clear from the text of 43 U.S.C. § 1733(a) that the government must show that violations of BLM regulations were committed "knowingly *and* willfully" before a court can impose criminal liability on a defendant.[2] (Emphasis added.) We conclude that Congress' use of the word "willfully" compels the prosecution to establish that Defendant was aware that the conduct in question was unlawful in order to sustain a conviction under that statute.

■ The Supreme Court has recognized that "[t]he word 'willfully' is sometimes said to be 'a word of many meanings' whose construction is often dependent on

---

2. It is Congress' use of the term "willfully" in 43 U.S.C. § 1733 that distinguishes this case from those such as *United States v. Hancock,* 231 F.3d 557, 563 (9th Cir.2000), in which we held that a defendant was not entitled to an instruction that the government was required to prove that he was aware of the unlawfulness of his conduct in order to convict him. In that case, we acknowledged "the distinc-

tion between the requirements of 'willful' and 'knowing' behavior" and concluded that the district court properly declined to give the defendant's requested instruction because the statute under which the defendant was convicted by its terms required only a mental state of "knowingly," but not of "willful[ly]." *Id.*

the context in which it appears." *Bryan v. United States,* 524 U.S. 184, 191, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998). Often, in the criminal context, "in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.' " *Id.* at 191–92, 118 S.Ct. 1939 (quoting *Ratzlaf v. United States,* 510 U.S. 135, 137, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994)). In particular, proof of knowledge of unlawfulness is required when the criminal conduct is contained in a regulation instead of in a statute, and when the conduct punished is not obviously unlawful, creating a "danger of ensnaring individuals engaged in apparently innocent conduct." *Id.* at 194, 118 S.Ct. 1939; *see also Ratzlaf,* 510 U.S. at 146, 114 S.Ct. 655; *United States v. Lizarraga–Lizarraga,* 541 F.2d 826, 828 (9th Cir.1976).

In *Bryan,* the Court held that the word "willfully" in 18 U.S.C. § 924(a)(1)(D), the provision penalizing violations of the statutes regulating the use and sale of firearms, required a showing that the defendant knew that his conduct was unlawful. The Court rejected the defendant's argument that the prosecution was required to prove that he had knowledge of the *specific* statutory provision that he was charged with violating, holding that the following instruction on "wilfully" was sufficient:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

524 U.S. at 190, 118 S.Ct. 1939 (internal quotation marks omitted).

In *Ratzlaf,* 510 U.S. at 141, 114 S.Ct. 655, the Court held that the use of the word "willfully" in 31 U.S.C. § 5322(a), a provision penalizing violations of the currency-reporting statutes and regulations, created a specific-intent offense requiring proof of violation of a known legal duty.

The statute provided: " 'A person willfully violating this subchapter or a regulation prescribed under this subchapter shall be fined not more than $250,000, or [imprisoned] for not more than five years, or both.' " *Id.* at 140, 114 S.Ct. 655 (quoting 31 U.S.C. § 5322(a)). The Court reasoned that the lower courts' interpretation of "willfully" as requiring the government to prove only "defendant's knowledge of the banks' reporting obligation and his attempt to evade that obligation, but [the government] did not have to prove defendant knew the structuring was unlawful," rendered the word "willfully" mere "surplusage." *Id.* at 137–38, 140, 114 S.Ct. 655. The Court cautioned: "Judges should hesitate so to treat statutory terms in any setting, and resistance should be heightened when the words describe an element of a criminal offense." *Id.* at 140–41, 114 S.Ct. 655. The Court further reasoned that, without the requirement of specific intent to engage in conduct known to be illegal, individuals engaged in structured transactions that were not obviously illegal would be subject to criminal liability: "[W]e are unpersuaded by the argument that structuring is so obviously 'evil' or inherently 'bad' that the 'willfulness' requirement is satisfied irrespective of the defendant's knowledge of the illegality of structuring." *Id.* at 146, 114 S.Ct. 655.

This court, too, has addressed the question whether violations of regulations enforced under a statute criminalizing "willful" violations are specific-intent offenses. In *Lizarraga–Lizarraga,* 541 F.2d at 828, we held that violations of the regulations governing the import and export of munitions were specific-intent offenses, requiring proof that a defendant was aware of the unlawfulness of the conduct. Subsection (c) of 22 U.S.C. § 1934 (repealed 1976), which governed the imposition of criminal penalties for violations of the regulations, provided that "[a]ny person who willfully violates any provision of this section or rule or regulation issued under this section . . . shall upon conviction be fined not more than $25,000 or imprisoned not

more than two years, or both." Two reasons supported our conclusion that Congress' use of the word "willfully" created a requirement to prove specific intent. *Id.* "First, the statute prohibits exportation of items listed by administrative regulation, not by the statute itself." *Id.* Second, our review of the regulations demonstrated that they prohibited conduct that was not obviously illegal: "[I]tems might be exported or imported innocently. Under such circumstances, it appears likely that Congress would have wanted to require a voluntary, intentional violation of a known legal duty not to export such items before predicating criminal liability." *Id.*

In this case, Congress' use of the word "willfully" similarly suggests that violations of BLM regulations enforced under 43 U.S.C § 1733(a) are specific-intent offenses. First, as in *Lizarraga–Lizarraga*, the conduct penalized by the statute is listed not in the statute, but in administrative regulations. Second, as in *Lizarraga–Lizarraga* and *Ratzlaf,* some of the regulations bar conduct that is not obviously illegal, such as the restriction on "search-, ing for buried treasure." 43 C.F.R. § 3715.6(j). Because it is not obvious that such conduct would subject an individual to criminal liability, it seems "likely that Congress would have wanted to require a voluntary, intentional violation of a known legal duty" as a predicate to criminal liability. *Lizarraga–Lizarraga,* 541 F.2d at 828.

Additionally, the magistrate judge's definition of "willfully" reads the term out of the statute; the Supreme Court cautioned against that result in *Ratzlaf,* 510 U.S. at 140, 114 S.Ct. 655. As discussed above, 43 U.S.C. § 1733(a) authorizes criminal punishment for those who "knowingly and willfully" violate BLM regulations. In general, "knowingly" means that the prosecution must prove that the defendant possessed "knowledge of the facts that constitute the offense." *Bryan,* 524 U.S. at 193 & n. 15, 118 S.Ct. 1939. That definition of "knowingly" is nearly identical to the magistrate judge's instruction on the meaning of "willfully": " 'willfully' means that a person knowingly and intentionally committed the acts which constitute the offenses charged." Consequently, it renders the word "willfully" surplusage.

We need not decide here the question presented in *Bryan:* whether the word "willfully" in § 1733 requires the government to prove that Defendant had knowledge of the content of the *specific* regulations at issue. *But see United States v. Santillan,* No. 99–50773, 2001 WL 246195 (9th Cir. Mar.14, 2001) (holding that a criminal violation of the Lacey Act does not require the defendant to know precisely which law or regulation established the illegality of the taking of wildlife, but only that the defendant know (1) that he is importing or exporting wildlife and (2) that the animals are tainted by a violation of some law associated with their taking, possession, transportation, or sale). Defendant argues only that he was entitled to a *general* instruction that "willfully" means that he knew his conduct was unlawful, an instruction that is similar to the one approved by the Supreme Court in *Bryan.* We hold that the court erred by not giving Defendant's requested instruction.

### B. *The Error was Harmless Beyond a Reasonable Doubt.*

█ Nevertheless, we affirm Defendant's conviction. Our review of the record shows that the magistrate judge's error was harmless beyond a reasonable doubt. *See Gracidas–Ulibarry,* 231 F.3d at 1197 (stating standard).

On February 5, 1998, Defendant was personally served with a detailed, written "Notice of Immediate Suspension." That Notice was in evidence at Defendant's trial. It informed him that he was in violation of 43 C.F.R. § 3715.6 for maintaining open trenches and barriers. It further informed him that he had five days within which to comply with the Notice and that any failure to comply would subject him to criminal liability under 43 U.S.C. § 1733(a). At trial, Defendant's lawyer confirmed that, when Defendant left Far-

rar Gulch, he did not remove the barriers of boulders or fill the open trench. Thus, the evidence before the jury clearly established: (1) when Defendant left Farrar Gulch on or about February 25, 1998, he left an open trench and barriers on the land, and (2) by doing so, he failed to comply with the February 5 Notice within the five-day limit as required. Because the Notice informed Defendant that such conduct violated the BLM regulations, subjecting him to criminal liability, Defendant was aware that his conduct was unlawful. No reasonable jury could have found that Defendant lacked knowledge that his conduct was unlawful after the date he received the written Notice. As a result, the magistrate judge's failure to give Defendant's requested instruction was harmless error.

### 2. *Defendant's Motion for a New Trial*

■ The basis for the motion was "newly discovered evidence of ineffective assistance of counsel." The magistrate judge sentenced Defendant on September 7, 1999, and Defendant filed his notice of appeal on September 17, 1999. The magistrate judge never ruled on Defendant's motion for a new trial. The district court, upon deciding Defendant's appeal, concluded that Defendant's motion for a new trial was not before the court and was mooted by the appeal.

■ We decline to review the merits of Defendant's motion for a new trial for two reasons. First, because the magistrate judge never ruled on the motion, and neither did the district court, there is no denial of the motion for us to review. Second, Defendant's motion is premised upon "newly discovered evidence of ineffective assistance of counsel" and, as a general rule, we do not review ineffective assistance claims on direct appeal. *United States v. Reyes–Platero,* 224 F.3d 1112, 1116·(9th Cir.2000). "There are only two exceptions to this rule: (1) if the factual record is sufficiently developed, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel."

*Id.* Neither exception applies here. Because Defendant's ineffective-assistance claim is based on "newly discovered evidence," the record does not contain the evidence essential to the determination of the claim. Nothing in the present record demonstrates that Defendant's counsel was constitutionally inadequate. We therefore do not review Defendant's motion for a new trial.

### CONCLUSION

The magistrate judge erred when he failed to instruct the jury that the government was required to prove that Defendant was aware of the unlawfulness of his conduct in order to convict him under 43 U.S.C. § 1733. However, because the error was harmless beyond a reasonable doubt, we affirm Defendant's conviction. We decline to review Defendant's motion for a new trial.

AFFIRMED.