**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Federico Castrejon RODRIGUEZ,**
**Defendant–Appellant.**

No. 00–30308.

D.C. No. CR–99–02117–JLQ.

United States Court of Appeals,
Ninth Circuit.

1. We agree with the district court's adverse disposition of Greene's remaining claims.

Submitted April 8, 2002.*

Decided April 15, 2002.

Before BROWNING, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM **

Federico Castrejon Rodriguez appeals the 63–month sentence following his guilty-plea conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Rodriguez first contends the district court erred by sentencing him and his co-defendant to disparate sentences. Reviewing for an abuse of discretion, *see United States v. Bischel,* 61 F.3d 1429, 1437 (9th Cir.1995), we conclude Rodriguez's contention is without merit because the district court relied upon permissible, relevant factors in justifying the disparate

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit *except as may be provided* by 9th Cir. R. 36–3.

**528**

sentences. *Id.; see also* USSG §§ 5H1.7 (role in offense), 5H1.8 (criminal history). Rodriguez also argues the disparity violates the Eighth Amendment. Because the Eighth Amendment prohibits only gross disproportionality between crime and punishment, and not disparity among co-defendants' sentences, this argument is without merit. *See United States v. Cupa–Guillen,* 34 F.3d 860, 864 (9th Cir. 1994).

■ Rodriguez next contends the government's use of an informant violated the Eighth Amendment. Even if we assume the Eighth Amendment can be used to render a conviction unconstitutional, we cannot consider this contention because Rodriguez's guilty plea waived his right to appeal antecedent constitutional violations. *See Tollett v. Henderson,* 411 U.S. 258, 267–68, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

■ Rodriguez further contends the government breached the plea agreement by not supporting his request for a downward departure. Because Rodriguez did not raise this issue to the district court, we review for plain error. *See United States v. Maldonado,* 215 F.3d 1046, 1051 (9th Cir.2000), *cert. denied,* 531 U.S. 1172, 121 S.Ct. 1141, 148 L.Ed.2d 1004 (2001). We conclude there was no error because paragraph 3.4 of the plea agreement reserved to the government the right to contest downward departures.

Finally, Rodriguez contends trial counsel provided ineffective assistance. We decline to review this contention on direct appeal because it requires the development of facts not currently in the record.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

*See United States v. Henderson,* 243 F.3d 1168, 1174 (9th Cir.2001).

AFFIRMED.