

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10087 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-01367-JJT-1 |
| v. | |
| GREGORIO MUNOZ PORTILLO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted May 17, 2017
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and PETERSON,**
District Judge.

Gregorio Munoz Portillo appeals his conviction under 8 U.S.C. § 1326 for

illegal reentry. He contends that the district court erred by preventing him from

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Rosanna Malouf Peterson, United States District Judge for the Eastern District of Washington, sitting by designation.

presenting an affirmative defense pursuant to § 1326(a)(2)(B). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not preclude Portillo from presenting evidence to support his § 1326(a)(2)(B) defense theory. The district court denied the government's motion in limine to prevent Portillo from presenting a § 1326(a)(2)(B) defense. Portillo nevertheless contends that the district court's comments during its oral ruling restricted his ability to introduce evidence supporting a § 1326(a)(2)(B) defense. But the district court merely noted that Portillo's counsel could not ask witnesses for their legal opinions of § 1326(a)(2)(B), and that counsel should be careful not to confuse the jury about the elements of the offense. The court did not prevent Portillo from introducing the evidence necessary to his defense theory: the date of his reentry.

**2.** Nor did the district court err by preventing Portillo's counsel from presenting closing argument on his § 1326(a)(2)(B) defense theory. A court is required to allow argument on a defense theory only when "reasonable inferences from the evidence support[] [it]." *United States v. Miguel*, 338 F.3d 995, 1000–01 (9th Cir. 2003); *see also United States v. Boulware*, 558 F.3d 971, 974 (9th Cir. 2009) ("[A] trial court may preclude a defense theory where 'the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to

2

support the proffered defense.'" (quoting *United States v. Dorrell*, 758 F.2d 427, 430 (9th Cir.1985))).

According to Portillo's interpretation of § 1326(a)(2)(B), he could affirmatively defend against his prosecution by showing that he reentered after the period during which he needed to obtain consent to reapply for admission (either five or ten years). However, he introduced no evidence about his reentry date. Therefore, even if his interpretation of the statute is correct, there was no evidence to support his theory. Consequently, the district court properly restricted his counsel's closing argument. We do not reach the district court's rationale: that Portillo's defense theory is not legally cognizable. *See United States v. McClendon*, 713 F.3d 1211, 1218 (9th Cir. 2013) ("Our reasoning is different from that of the district court, but we may affirm on any basis supported by the record and do so here.").

**3.** The district court correctly instructed the jury that an element of § 1326 is that "the defendant was found in the United States without having obtained . . . consent . . . to reapply for admission." At the government's request, it added that there is no "time limitation on the requirement that the Defendant obtain . . . consent . . . to reapply for admission." Even if this was incorrect as a matter of

law, it would be harmless error. *See United States v. Henderson*, 243 F.3d 1168, 1171 (9th Cir. 2001) (erroneous jury instructions are reviewed for harmlessness).

It is unrefuted that Portillo never obtained consent before reentering. Portillo was found in the United States in 2015, and the immigration agents testified that there was no record of him having applied for or obtained consent to reapply for admission. Further, there was no evidence that he entered after some putatively significant time limitation had elapsed. Therefore, the additional instruction could not have affected the jury's finding on the advance consent element of § 1326. The additional instruction was superfluous and, in turn, harmless beyond a reasonable doubt.

**AFFIRMED.**