UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Alfredo REYES–PLATERO,
Defendant–Appellant.

No. 99–50234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2000.

Filed July 11, 2000.

Amended Sept. 8, 2000.

Gerard J. Wasson, Grimes & Warwick, San Diego, California, for the defendant-appellant.

Darrell M. Padgette, Assistant United States Attorney, San Diego, California, for the plaintiff-appellee.

Before: WALLACE, TROTT and GOULD, Circuit Judges.

## ORDER

The opinion, filed July 11, 2000, is amended as follows.

At slip op. 7839, insert the following before the paragraph that starts "DISMISSED . . .":

In a petition for rehearing, Reyes–Platero argues that our opinion conflicts with *United States v. Leone*, 215 F.3d 253 (2d Cir.2000), which was decided after we took his case under submission. In *Leone*, the Second Circuit followed its occasional practice of remanding a defendant's ineffective assistance of counsel claim to the district court from a direct appeal for further fact-finding. *Id.* at 257. The court stated that it chose to remand, rather than require Leone to pursue his ineffective assistance argument in collateral proceedings, in part because of the restrictions on a defendant's ability to file multiple habeas corpus petitions due to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Reform Act). Reyes–Platero argues that we should follow *Leone* and remand for further fact-finding in his case rather than follow our normal procedure of deferring consideration of such claims until after he raises the issue in collateral proceedings, if he chooses to do so.

We specifically rejected a defendant's request for a remand from direct appeal for fact-finding purposes related to an ineffective assistance of counsel claim in *United States v. Johnson*, 820 F.2d 1065, 1073–74 (9th Cir.1987). Unlike the Second Circuit, we do not remand an inef-fective assistance claim on direct appeal for further fact-finding. We are bound to apply *Johnson* rather than *Leone*.

The Reform Act contains no language directing the courts of appeals to change their treatment of ineffective assistance of counsel claims on direct appeal. In part, the Reform Act was intended to resolve judicial inefficiency. *Hohn v. United States*, 524 U.S. 236, 264, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998) (Scalia, J., dissenting) (stating purpose of Reform Act clearly is, in part, "to eliminate the interminable delays in the execution of state and federal criminal sentences"). If we were to abandon *Johnson* and recognize a new *Leone*-type exception to our normal handling of ineffective assistance claims, serious judicial inefficiencies would result: after the post-appeal remand for fact-finding, the defendant would certainly appeal again, only to be permitted additional fact-finding at the district court in a habeas corpus proceeding.

There is no reason to depart now from *Johnson* and our well established, judicially efficient procedures for addressing ineffective assistance arguments on direct appeal. We therefore reiterate that we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings.

With this amendment, the panel as constituted above has voted to deny the petition for rehearing and to deny the petition for hearing en banc.

The full court has been advised of the petition for hearing en banc, and no judge of the court has requested a vote on the petition for hearing en banc. Fed. R.App. P. 35(b).

The petition for rehearing is denied, and the petition for hearing en banc is denied.

## OPINION

WALLACE, Circuit Judge:

Reyes–Platero appeals from his conviction and sentence as a deported alien

found in the United States in violation of 8 U.S.C. § 1326. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We do not have jurisdiction over Reyes–Platero's appeal from his conviction, but do have jurisdiction over his timely appeal from his sentence pursuant to 18 U.S.C. § 3742. We dismiss in part and affirm in part.

## I

Reyes–Platero, a citizen of Mexico, was deported from the United States twice, most recently on August 26, 1995. After he re-entered the United States, he was incarcerated in a California state prison for sexual abuse. On November 10, 1997, while still incarcerated, he was released into Immigration and Naturalization Service (INS) custody and his *Miranda* rights were read to him in Spanish. He was not advised, however, that he could contact Mexican consular officials pursuant to Article 36 of the Vienna Convention on Consular Relations, Apr. 24, 1963, 21 U.S.T. 77 (Convention).

Reyes–Platero waived his *Miranda* rights and admitted he was a Mexican citizen and entered the United States illegally near San Ysidro, California, on or about December 1, 1995. Subsequently, he unconditionally pled guilty to being a deported alien found in the United States, a violation of 8 U.S.C. § 1326.

A probation officer filed a presentence report (PSR) recommending a sixteen-point increase to Reyes–Platero's base offense level because of his previous deportation for an aggravated felony. Reyes–Platero successfully argued for a five-point downward departure based upon the modest nature of the previous felony. Thus, rather than a base offense level of 21, Reyes–Platero's base offense level was calculated at 16. The district court sentenced him to 46 months' imprisonment. Reyes–Platero challenges both his conviction and his sentence. We first address his arguments concerning his conviction.

## II

Reyes–Platero argues that his conviction should be vacated because (1) the INS agent who took him into custody did not inform him that he could contact the Mexican Consulate pursuant to Article 36 of the Convention and (2) his trial counsel rendered ineffective assistance by not attempting to suppress his incriminating statement in light of the alleged Convention violation. The government argues that Reyes–Platero waived these arguments by unconditionally pleading guilty. The implication of the government's argument is that we do not have jurisdiction to review the merits of Reyes–Platero's conviction. We have jurisdiction to determine our own jurisdiction. *Ye v. INS*, 214 F.3d 1128, 1131–32 (9th Cir.2000).

We recently addressed arguments based on Article 36 of the Convention in *United States v. Lombera–Camorlinga*, 206 F.3d 882 (9th Cir.2000) (en banc). There, we held that even if the Convention created individually enforceable rights (a point upon which we expressly reserved judgment), it did not follow that incriminating evidence obtained in violation of those rights must be suppressed at trial. *Id.* at 885–86. *Lombera–Camorlinga*, however, did not consider the effect of an unconditional guilty plea on one's Convention-based arguments; Lombera–Camorlinga pled guilty conditionally and specifically preserved his Convention-based arguments for appeal. *Id.* at 884. Thus, the issue before us is one of first impression: may one who has unconditionally pled guilty challenge his conviction by raising treaty-based arguments on appeal?

In addressing this issue, we are guided by ample case law concerning the effect of a guilty plea upon earlier constitutional defects. "An unconditional guilty plea constitutes a waiver of the right to appeal all non-jurisdictional antecedent rulings and cures all antecedent *constitutional* defects." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (emphasis added). As the Supreme Court stated,

a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of *constitutional* rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [inadequate]. . . .

*Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (emphasis added). While there is a narrow exception to the *Tollett* rule "when the defect in question is a 'jurisdictional' one," *United States v. Johnston,* 199 F.3d 1015, 1019 n. 3 (9th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 2206, 147 L.Ed.2d 239 (2000), this exception is not applicable here.

The clear effect of the *Tollett* rule is that we do not have jurisdiction over the merits of appeals based upon pre-waiver constitutional defects, and we must dismiss that portion of the appeal. *Floyd,* 108 F.3d at 203–04. However, unlike the defendant in *Tollett,* Reyes–Platero raises a defect under the Convention, not the Constitution. That distinction, however, is of no matter. Treaties, together with the Constitution, form "the supreme Law of the Land." U.S. Const. art. VI. If a guilty plea cures a constitutional defect, then it certainly cures a defect caused by failure to comply with a treaty. *United States v. Guzman–Landeros,* 207 F.3d 1034, 1035 (8th Cir. 2000) (per curiam) ("Guzman–Landeros first argues that he was not advised of his right to contact his consul. We conclude that this error, if any, does not constitute a jurisdictional defect, and was therefore foreclosed by Guzman–Landeros's guilty plea." (citation omitted)). We join the Eighth Circuit in extending the *Tollett* rule to treaties and hold that an unconditional guilty plea cures any pre-plea treaty defects just as it cures any pre-plea constitutional defects. Applying this rule to Reyes–Platero's case, and assuming without deciding, as in *Lombera–Camorlinga,* that the Convention creates enforceable individual rights, any violation of those rights was cured by Reyes–Platero's guilty plea.

■ Notwithstanding an unconditional guilty plea, *Tollett* states that a defendant may "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [inadequate]." *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602. In Reyes–Platero's opening brief, he argued that his trial counsel was ineffective by not informing him of potential Convention-based arguments. However, only in Reyes–Platero's reply brief does he direct his ineffective assistance argument specifically to the voluntary or intelligent nature of his guilty plea. Because Reyes–Platero failed to challenge that his guilty plea was voluntary or intelligent in his opening brief, that argument is waived. *United States v. Traynor,* 990 F.2d 1153, 1159 (9th Cir. 1993).

Reyes–Platero has waived his arguments challenging his conviction. We thus do not have jurisdiction to consider the merits of Reyes–Platero's appeal from his conviction, and dismiss this portion of his appeal. *Floyd,* 108 F.3d at 203–04.

### III

■ We next address Reyes–Platero's attack on his sentence. Reyes–Platero argues that his sentence should be vacated because his trial counsel rendered ineffective assistance by failing to request a downward departure, pursuant to U.S.S.G. § 5K2.0, based on cultural assimilation or voluntary deportation. This argument is not waived by Reyes–Platero's pleading guilty, because the alleged ineffectiveness occurred after the plea was entered. *See Tollett,* 411 U.S. at 267, 93 S.Ct. 1602 (holding that a voluntary guilty plea waives prior constitutional defects, thereby implying that one may raise claims of con-

stitutional defect occurring after the entry of a guilty plea).

■ Ineffective assistance of counsel arguments are ordinarily inappropriate for direct review and should be brought in habeas corpus proceedings pursuant to 28 U.S.C. § 2255. *United States v. Houtchens,* 926 F.2d 824, 828 (9th Cir.1991). "The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record," *id.* (internal quotations omitted); that is, trial court proceedings are usually necessary to "develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991). There are only two exceptions to this rule: (1) if the factual record is sufficiently developed, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000), *citing United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992).

■ Both parties argue that the record is sufficiently developed to merit immediate consideration of this issue. Even if it were true that certain aspects of the record are somewhat developed, the record is devoid of facts concerning the motives of Reyes–Platero's trial counsel in not requesting downward departures based upon cultural assimilation and voluntary departure. Thus, we do not know why these downward departures were not requested. *Molina,* 934 F.2d at 1446. This factual void makes it impossible for us to address Reyes–Platero's ineffective assistance argument adequately on direct review.

Furthermore, the failure to request downward departures for cultural assimilation or voluntary departure were not so obviously inadequate as to deny Reyes–Platero's Sixth Amendment right to counsel. At sentencing, Reyes–Platero's counsel successfully argued for a five-point downward departure from the base offense level the government recommended. With Reyes–Platero's category VI criminal history, the five-point departure resulted in a decrease of 31–39 months in the recommended imprisonment range. U.S.S.G. ch. 5, pt. A. Such successful advocacy is not obviously inadequate.

Because the facts are insufficiently developed, and since Reyes–Platero's counsel was not obviously inadequate, we refuse to consider his ineffective assistance argument on direct appeal and affirm his sentence.

In a petition for rehearing, Reyes–Platero argues that our opinion conflicts with *United States v. Leone,* 215 F.3d 253 (2d Cir.2000), which was decided after we took his case under submission. In *Leone,* the Second Circuit followed its occasional practice of remanding a defendant's ineffective assistance of counsel claim to the district court from a direct appeal for further factfinding. *Id.* at 257. The court stated that it chose to remand, rather than require Leone to pursue his ineffective assistance argument in collateral proceedings, in part because of the restrictions on a defendant's ability to file multiple habeas corpus petitions due to the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (Reform Act). Reyes–Platero argues that we should follow *Leone* and remand for further factfinding in his case rather than follow our normal procedure of deferring consideration of such claims until after he raises the issue in collateral proceedings, if he chooses to do so.

■ We specifically rejected a defendant's request for a remand from direct appeal for fact-finding purposes related to an ineffective assistance of counsel claim in *United States v. Johnson,* 820 F.2d 1065, 1073–74 (9th Cir.1987). Unlike the Second Circuit, we do not remand an ineffective assistance claim on direct appeal for further fact-finding. We are bound to apply *Johnson* rather than *Leone.*

The Reform Act contains no language directing the courts of appeals to change their treatment of ineffective assistance of

counsel claims on direct appeal. In part, the Reform Act was intended to resolve judicial inefficiency. *Hohn v. United States,* 524 U.S. 236, 264, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998) (Scalia, J., dissenting) (stating purpose of Reform Act clearly is, in part, "to eliminate the interminable delays in the execution of state and federal criminal sentences"). If we were to abandon *Johnson* and recognize a new *Leone*-type exception to our normal handling of ineffective assistance claims, serious judicial inefficiencies would result: after the post-appeal remand for fact-finding, the defendant would certainly appeal again, only to be permitted additional fact-finding at the district court in a habeas corpus proceeding.

There is no reason to depart now from *Johnson* and our well established, judicially efficient procedures for addressing ineffective assistance arguments on direct appeal. We therefore reiterate that we will not remand a case from direct appeal for fact-finding related to an ineffective assistance of counsel claim, but allow a defendant to pursue the issue in district court collateral proceedings.

DISMISSED IN PART, AFFIRMED IN PART.