**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Irineo LOPEZ–MORALES,**
**Defendant–Appellant.**

**No. 99–50507.**
**D.C. No. CR–97–00812–SVW.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2001.*

Decided May 25, 2001.

---

1. Even if we were to consider the merits of Pinkston's underlying claim, we would reject it.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before PREGERSON, FERNANDEZ and WARDLAW, Circuit Judges.

MEMORANDUM **

Irineo Lopez–Morales appeals his conviction for one count of a violation of 8 U.S.C. § 1326. Lopez–Morales's attorney has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), identifying one potential issue for review. Lopez–Morales has filed a pro se supplemental brief raising three contentions.

■ Counsel identifies the potential issue of whether the district court erred by refusing to depart downward on the basis of a disparity of plea bargaining practices between the various district courts in California. This argument is precluded by our decision in *United States v. Banuelos–Rodriguez,* 215 F.3d 969, 973 (9th Cir. 2000)(en banc) (holding that disparity in plea bargaining practices is not a proper basis for downward departure).

■ Lopez–Morales first contends that the district court lacked jurisdiction over his case because he is a "sovereign Mexican citizen." This contention is without merit as 18 U.S.C. § 3231 provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States." As 8 U.S.C. § 1326 is a law of the United States, the district court properly exercised its jurisdiction.

■ Lopez–Morales also contends that his conviction must be reversed because he was not notified of his right to contact the Mexican Consul at the time of his arrest in violation of the Vienna convention. Because Lopez–Morales failed to raise this issue prior to his trial, we deem it waived. *See* Fed.R.Crim.P. 12(b)(3); *United States v. Hernandez,* 876 F.2d 774, 777 (9th Cir. 1989).

■ Finally Lopez–Morales contends that he received ineffective assistance at trial and in his original appeal. As a general rule, we do not review ineffective assistance claims on direct appeal. *United States v. Reyes–Platero,* 224 F.3d 1112, 1116 (9th Cir.2000). Accordingly, we decline review of this contention.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues for review. Accordingly, we AFFIRM the district court and GRANT counsel's motion to withdraw as counsel of record.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.