**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT L. BATTLE,

Defendant-Appellant.

No. 00-3280
(D.C. No. 00-CR-10027-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Robert L. Battle appeals from his conviction and sentence after he pleaded guilty to possession with intent to distribute approximately twenty grams of

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

cocaine base in violation of 21 U.S.C. § 841(a)(1). Finding Mr. Battle to be a career offender, the district court imposed a 210-month sentence after denying Mr. Battle's motion to withdraw his plea. On appeal, Mr. Battle's counsel filed an *Anders* brief raising three issues and then moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Battle filed a supplemental brief raising four additional issues. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

## I. Ineffective assistance of counsel claims

Appellate counsel and Mr. Battle raised issues of ineffective assistance of trial counsel although both acknowledged that these claims should be raised on collateral review rather than on direct appeal. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). Mr. Battle requests, however, that we remand the case to the district court for a full hearing on the claim as is the practice of the Second Circuit. *See United States v. Leone*, 215 F.3d 253, 256-57 (2d Cir. 2000). We deny the request, *see United States v. Reyes-Platero*, 224 F.3d 1112, 1113 (9th Cir. 2000) (refusing to remand ineffective assistance of counsel claim to district court on direct appeal because it causes judicial inefficiency and two opportunities for factfinding), *cert. denied*, 121 S. Ct. 868 (2001), and dismiss these claims.

-2-

## II. Waiver of appeal rights

The United States argues that Mr. Battle waived his statutory right to appeal his sentence by knowingly and voluntarily waiving that right in his plea agreement. *See United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998) (agreement to waive right to appeal is enforceable); *United States v. Rubio*, 231 F.3d 709, 710 (10th Cir. 2000) (dismissing issues related to enforceable plea agreement waiver). The agreement stated, in relevant part, that Mr. Battle

> knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

R. Vol. I, Doc. 17 at 2. Mr. Battle counters that the waiver was overly broad and permitted absolution of unforeseen judicial errors, and that it is inapplicable in the face of a meritorious claim of ineffective assistance of counsel.

> [A]greements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. In addition, a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel.

*United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001) (quotations and citations deleted). We conclude that the waiver is not overly broad, and none

of the purely speculative scenarios described by Mr. Battle that could hypothetically result in "absolution" of unforeseen error exist in this case. Of course, as mentioned above, Mr. Battle's ineffective assistance of counsel claims are not properly before the court and must be dismissed, so that exception does not here apply. As to the other issues raised on appeal, we must determine whether each falls within the waiver language, and if so, whether an exception applies to the waiver.

## A. Denial of motion to withdraw plea; voluntariness of plea

The waiver clause waives only the right to challenge the sentence imposed, not the right to challenge the plea agreement itself or the court's refusal to allow its withdrawal. We conclude that Mr. Battle did not waive his right to appeal from the district court's denial of his motion to withdraw his guilty plea or his claim that the plea was involuntary.

## B. Error in calculating Mr. Battle's sentence

Mr. Battle pleaded guilty to possession with intent to distribute approximately twenty grams of crack in violation of 21 U.S.C. § 841(a)(1); section 841(b)(1)(B)(ii) provides for an imprisonment range of not less than five years to not more than forty years for this crime. The district court sentenced Mr. Battle to 210 months' imprisonment, which was well within the maximum range for the offense. Appellate counsel raised two issues in regard to the calculation

of sentence: (1) whether the court properly enhanced Mr. Battle's sentence under the career offender sentencing provisions based upon a prior felony conviction of escape; and (2) whether the court erred in considering drugs charged in a dismissed count as relevant conduct as part of its sentencing considerations. In addition, Mr. Battle argues that his sentence was excessive because (3) he was sentenced for an offense involving cocaine base, which he claims has not been adequately defined as an essential element in the criminal statutes (or, in the alternative, which is an overly broad definition), and (4) therefore, the sentencing level the court applied was inapplicable because he should have been sentenced only under the guidelines applying to the possession with intent to distribute cocaine powder instead of crack cocaine. These issues all relate to the imposition or calculation of a sentence within the maximum permissible range, and are expressly waived under the plea agreement. They are therefore dismissed.

## III. Knowing and voluntary plea

Mr. Battle argues that his plea admitting guilt was not knowing and voluntary because the district court failed to inform him that the type and quantity of controlled substances were essential elements of the crime that had to be proved beyond a reasonable doubt. He relies on *Bousley v. United States*, 523 U.S. 614, 618-19 (1998) (stating that when court misinforms defendant of essential elements, resulting plea is rendered unknowing and involuntary), and

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Without providing record support, he claims that he was merely informed that the type and quantity of the controlled substances were only sentencing factors that would be determined by the court upon a preponderance of the evidence at sentencing. We have carefully reviewed the transcript of the sentencing hearing. The plea colloquy is as follows:

> [Y]ou're going to plead guilty to Count 1 of the indictment which charges that on or about October 10, 1999, . . . [you] did willfully, knowingly, and unlawfully possess with intent to distribute approximately 20 grams of a mixture or substance which contained a detectable amount of cocaine base, or crack, . . . in violation of 21 U.S. Code § 841(a)(1) and 18 U.S. Code § 2.
>
> . . . .
>
> [B]ecause of the quantity involved, there is a mandatory minimum sentence in this case of not less than five nor more than 40 years imprisonment.
>
> . . . .
>
> [T]he Government if the case went to trial would have to prove to a jury that you committed these offenses . . . charged in the indictment. And as to Count 1, it would have to prove certain elements. Basically . . . that you willfully, knowingly and unlawfully, which means that you intentionally and you knew what you were doing, possessed with the intent to distribute approximately 20 grams of crack cocaine.

R. Vol. II, Doc. 24 at 4-6. The record clearly demonstrates that the district court properly informed Mr. Battle that the government had to prove both the type and quantity of controlled substance as elements of his crime. The record also demonstrates that Mr. Battle swore that he understood the maximum penalty that could be imposed because of the quantity of crack cocaine involved, that he would serve at least five years, that his lawyer's advice as to the sentence the lawyer hoped he would receive was not a promise of the sentence he would actually receive, that he actually committed the offense to which he pleaded guilty, and that he fully understood what the waiver of appeal rights meant. *See id.* at 5-12. Under these facts, neither *Bousley* nor *Apprendi* apply. Mr. Battle's plea of guilt was knowingly and voluntarily made.

**IV. Denial of the motion to withdraw guilty plea**

Two months after he pleaded guilty, Mr. Battle moved to withdraw his guilty plea and complained about his retained counsel. R. Vol. III, Doc. 40 at 3. He claimed his counsel was ineffective because he did not make Mr. Battle aware of all the evidence the government had nor of the concept of relevant conduct before he entered his plea, and that he did not have a "clear notion of what his sentence could be or should be going into the plea hearing." *Id.* at 5. He claimed that counsel misinformed him as to the sentence he risked if he did not plead guilty and of the range he would get if he did. *Id.* at 14-15. He again admitted to

possession of the crack cocaine but argued that there was no admissible evidence that he intended to distribute it and that he now believed he could be successful in a motion to suppress the evidence for lack of probable cause to stop him the day he was arrested with the crack. *Id.* at 39, 46. He asserted that if he had been adequately advised, he would not have accepted the plea. *Id.* at 50.

The district court conducted an analysis using the factors set forth in *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000), and found that Mr. Battle was not innocent of the charges; the government would be prejudiced by having to go to trial; there would be inconvenience to the court and a waste of judicial resources if the plea was withdrawn; Mr. Battle had sufficiently satisfactory and competent representation; and his plea was knowing and voluntary. R. Vol. III, Doc. 40 at 51-55. The court concluded that Mr. Battle had not established a fair and just reason for the withdrawal of his plea and denied his motion to withdraw the plea. *Id.* at 61-62.

The decision to allow withdrawal of a plea is solidly within the province of the district court and we review that decision only for an abuse of discretion. *United States v. Gordon*, 4 F.3d 1567, 1572-73 (10th Cir. 1993). The district court considered the proper factors in denying the motion and its findings are well supported in the record. We conclude that the district court did not abuse its discretion in denying the motion to withdraw the plea. *Cf. id.* at 1573 (stating

that "dissatisfaction with the length of a sentence is an insufficient reason to withdraw a plea").

For the reasons stated above, we AFFIRM the district court's denial of Mr. Battle's motion to withdraw his guilty plea, and DISMISS the appeal of his sentence and his ineffective assistance of counsel claim. We GRANT Mr. Mank's motion to withdraw as appointed appellate counsel for Mr. Battle.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge