UNITED STATES of America, Plaintiff—Appellee,

v.

Jose Juan BARRERA, aka Juan Jose Barrera, Defendant—Appellant.

No. 01–50614.
D.C. No. CR–99–00012–MMM–01.

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 2003.*

Decided May 8, 2003.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

## MEMORANDUM**

Juan Jose Barrera alleges that his guilty plea should be set aside as involuntary due to the district court's denial of his request for substitution of counsel. Although Barrera waived his right to appeal, "[w]aivers of appeal must stand or fall with the agreement of which they are a part."

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*United States v. Pena,* 314 F.3d 1152, 1154 n. 1 (9th Cir.2003). Thus, we have jurisdiction to review the voluntariness of Barrera's plea.[1] Because the parties are familiar with the facts, we discuss them only insofar as necessary to reach our decision.

The voluntariness of a guilty plea is reviewed de novo. *Iaea v. Sunn,* 800 F.2d 861, 864 (9th Cir.1986). Denial of effective assistance of counsel may suffice to render a guilty plea involuntary. *Id.* at 865–66. Barrera alleges that there was a complete breakdown in his relationship with his attorney, and so the district court abused its discretion in refusing to allow substitution of counsel. *See United States v. Corona– Garcia,* 210 F.3d 973, 976 (9th Cir.2000). We consider three factors in evaluating the propriety of the district court's refusal to substitute counsel: 1) the extent of the conflict; 2) the adequacy of the inquiry; and 3) the timeliness of the motion. *Id.* Here, the district court's inquiry was adequate. Additionally, the relationship between Barrera and his attorney did not evince the severity of conflict which has been the hallmark of our jurisprudence regarding substitution of counsel. *See United States v. Nguyen,* 262 F.3d 998, 1004 (9th Cir.2001). Although Barrera established that he was displeased with his attorney's trial strategy and did not fully trust her, he and his attorney were able to communicate. Moreover, because his motion to substitute counsel was untimely, the district court had "broad latitude to deny a motion for substitution of counsel on the eve of trial when the request would require a continuance." *Id.* at 1003.

Additionally, the transcript of the change of plea hearing demonstrates that the district court specifically inquired into Barrera's willingness to plead guilty in light of his earlier concerns regarding the adequacy of his representation. The transcript also shows that Barrera consulted with his attorney at a number of points during the change of plea hearing, as well as asking questions of the judge at one point.

Because the district court did not abuse its discretion in denying the motion for substitution of counsel, and the plea colloquy itself supports the district court's determination that the plea was voluntary and intelligent, the judgment of the district court is AFFIRMED.

---

1. It is axiomatic that federal courts always have jurisdiction to determine their jurisdiction. *United States v. Reyes–Platero,* 224 F.3d 1112, 1114 (9th Cir.2000). In order to make that determination here, it is necessary to address the merits. The Supreme Court has held in a factually similar situation that because it was necessary to address the merits in order to determine whether jurisdiction was proper, jurisdiction was present and dismissal unnecessary. *United States v. Ruiz,* 536 U.S. 622, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002).