**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Chris STAUDT, aka Christopher Markus Staudt, aka Christopher Enyeart, Defendant—Appellant.**

**No. 02–30029.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

### MEMORANDUM **

Chris Staudt appeals pro se his guilty plea conviction and 41–month sentence for

---

** The Honorable Susan R. Bolton, United States District Court Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bank fraud, in violation of 18 U.S.C. § 1344. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review for plain error because Staudt did not object to the sufficiency of the indictment or the order of restitution in the district court. *United States v. Velasco–Medina,* 305 F.3d 839, 846–47 (9th Cir. 2002) (indictment); *United States v. Boyd,* 222 F.3d 47, 49 (9th Cir.2000) (restitution order). We affirm.

Staudt contends that his indictment was defective because it failed to allege the element of "aiding and abetting." The indictment referenced 18 U.S.C. § 2, however, which satisfies the requirement of placing the defendant on notice of charges against him. *See Velasco–Medina,* 305 F.3d at 847; *United States v. Armstrong,* 909 F.2d 1238, 1241 (9th Cir.1990) ("Aiding and abetting is implied in every federal indictment for a substantive offense.").

Staudt's contention that he did not knowingly and voluntarily plead guilty is unpersuasive. Prior to accepting Staudt's plea, the district court engaged in a lengthy colloquy with Staudt to ensure he understood the charges against him and the terms of the plea agreement. Therefore, his plea was knowing and voluntary. *See United States v. Baramdyka,* 95 F.3d 840, 844 (9th Cir.1996); *United States v. Michlin,* 34 F.3d 896, 898–99 (9th Cir. 1994).

Contrary to Staudt's contentions, the district court properly ordered restitution in the amount set forth in the plea agreement. *See* 18 U.S.C. § 3663A(a)(3) (authorizing court to order restitution to the extent agreed to by the parties in a plea agreement); *United States v. Grice,* 319 F.3d 1174 (9th Cir.2003) (Mandatory Victim's Restitution Act requires restitution regardless of the defendant's financial resources or ability to pay); *United States v. Boyd,* 222 F.3d 47, 50 (9th Cir.2000) (holding that for restitution, losses caused by the entire conspiracy, not just losses caused by those acts committed by the defendant, can be attributed to the defendant).

Staudt's claims of ineffective assistance of counsel are not suited for resolution on direct appeal. *See United States v. Reyes–Platero,* 224 F.3d 1112, 1116 (9th Cir.2000)

**AFFIRMED.**