**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Iberon PEREZ–ELENES,
Defendant–Appellant.**

No. 03–10262.

D.C. No. CR–02–20068–2–JW.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 15, 2003.

John N. Glang, USSJ–Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Jose Iberon Perez–Elenes, pro se, San Jose, CA, Defendant–Appellant.

Suzanne A. Luban, Oakland, CA, for Defendant–Appellant.

Before GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Jose Iberon Perez–Elenes appeals the 135–month sentence imposed following his guilty-plea conviction to conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

Elenes' sole contention on appeal is that his trial counsel was constitutionally ineffective for failing to request a minor role adjustment at sentencing. Because the record is insufficiently developed, we decline to consider this claim on direct appeal. *See United States v. Reyes–Platero,* 224 F.3d 1112, 1116 (9th Cir.2000) ("Ineffective assistance of counsel arguments are ordinarily inappropriate for direct review and should be brought in habeas corpus proceedings pursuant to 28 U.S.C. § 2255. The rationale for this rule is that such a claim cannot be advanced without the development of facts outside the original record; that is, trial court proceedings are usually necessary to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.") (internal quotation marks and citations omitted).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.