UNITED STATES of America, Plaintiff—Appellee,

v.

Juan VASQUEZ–SANTIAGO, Defendant—Appellant.

No. 02–30201.

D.C. No. CR–02–05075–1–JET.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.*

Decided Oct. 6, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Douglas James Hill, Tacoma, WA, Helen J. Brunner, Esq., Seattle, WA, for Plaintiff–Appellee.

William Broberg, Law Office of William Broberg, Seattle, WA, for Defendant–Appellant.

Before PREGERSON, HAWKINS, and GRABER, Circuit Judges.

MEMORANDUM**

Juan Vasquez–Santiago appeals his guilty-plea conviction and 168–month sentence for conspiracy and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Appellant contends that his plea was not knowing and voluntary because the district court failed to inform him of his right to confront and cross-examine witnesses. *See* Fed.R.Crim.P. Rule 11(c)(3) (2002). Because this claim was not preserved for appeal, we review for plain error. *United States v. Dominguez Benitez,* —— U.S. ——, 124 S.Ct. 2333, 2336, 159 L.Ed.2d 157 (2004).

We conclude that while the omissions were error, appellant has failed to show that the omissions affected his substantial rights. *Id.* at 2040 (an error affects substantial rights where there is "a reasonable probability that, but for the error, [the defendant] would not have entered the plea").

In the alternative, appellant urges this Court to remand for re-sentencing, alleging that the district court failed to provide an adequate statement of reason for imposing the sentence, pursuant to 18 U.S.C. § 3553(c). However, the record reflects an adequate consideration of factors, including appellant's history, deterrence, and potential for rehabilitation. *See United States v. Johnson,* 953 F.2d 1167, 1173 (9th Cir.1992).

We reject appellant's pro se contentions that the district court erred in accepting his plea because he was unaware of the elements of the offenses or his potential sentence, and that it improperly interfered with his guilty plea, as they are belied by the record.

The Court declines to address appellant's pro se allegations of ineffective assistance of counsel as they are ordinarily inappropriate for direct review. *See United States v. Reyes–Platero,* 224 F.3d 1112, 1116 (9th Cir.2000).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.