UNITED STATES of America,
Plaintiff—Appellee,

v.

Julio Cesar CRUZ–SAGASTE,
Defendant—Appellant.

No. 03–10453.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Arthur J. Hutton, Esq., Attorney at Law, Tucson, AZ, for Defendant–Appellant.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Julio Cesar Cruz–Sagaste appeals from his jury-trial conviction and 41–month sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for Cruz–Sagaste has filed a brief stating there are no grounds for relief,[1] and a motion to withdraw as counsel of record.

We have conducted an independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We affirm the conviction. Because appellant was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the sentencing court to answer that question, and to proceed pursuant to *United States v. Ameline*, 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v.*

*Moreno–Hernandez*, 419 F.3d 906, 916 (9th Cir.2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional error under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)).

Counsel's motion to withdraw as counsel on appeal is denied.

The conviction is AFFIRMED, and the sentence is REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Counsel raises the potential issue of ineffective assistance of trial counsel. Ineffective assistance of counsel arguments are ordinarily inappropriate for direct review, however, and should be brought in a collateral proceed-

ing because, as here, the record often lacks a sufficient evidentiary basis. *See United States v. Reyes–Platero*, 224 F.3d 1112, 1116 (9th Cir.2000).

