**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30016 |
| Plaintiff - Appellee, | D.C. No. 1:07-CR-00182-BLW-1 |
| v. | |
| ELVEN JOE SWISHER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted December 8, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

Elven Joe Swisher appeals his conviction for wearing unauthorized military

medals in violation of 18 U.S.C. § 704(a), false statements in violation of 18

U.S.C. § 1001(a), and theft of government funds in violation of 18 U.S.C. § 641.

We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.    Rebuttal witness**

We reject Swisher's claim that the government's failure to disclose a rebuttal witness in a timely fashion denied him a fair trial. The district court's decision to permit the government's rebuttal witness to testify is reviewed for abuse of discretion and may be reversed only if "manifestly erroneous." *United States v. Hankey*, 203 F.3d 1160, 1167 (9th Cir. 2000). Federal Rule of Criminal Procedure 16 requires the government to disclose expert testimony it "intends to use during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G). By its terms, the rule does not apply to rebuttal witnesses. *See United States v. Matylinsky*, 577 F.3d 1083, 1094 (9th Cir. 2009) ("[I]n federal prosecutions, the government ordinarily need not disclose the names of rebuttal witnesses.").

The record makes clear that Cox's testimony was offered solely to rebut the testimony of defense expert Travis King. King testified that he could "tell without a doubt" that Captain Woodring's signature was not digitally superimposed on the documents Swisher had submitted to the U.S. Department of Veterans Affairs in support of his claim for increased benefits. **[SER 142]** Cox testified in rebuttal that the quality of the photocopied documents made it impossible to reach a definite conclusion about their authenticity. **[SER 156]** Until King testified that he could draw an unequivocal conclusion that the photocopied documents had not been

2

altered, the government could not have known that it would need to refute such testimony. Cox's testimony on rebuttal was therefore proper and the district court did not err in admitting it.

**2.    The district court judge's alleged demonstration bias**

Swisher's contention that he was denied a fair trial because the district court judge conveyed a negative view of the defense to the jury has no merit. "A judge's participation during trial warrants reversal only if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality." *Price v. Kramer*, 200 F.3d 1237, 1252 (9th Cir. 2000) (internal citations omitted). The comments in question were attempts by the judge to ensure that defense counsel abided by the rules of evidence and showed no untoward hostility or bias.

**3.    Ineffective assistance of counsel**

We conclude that Swisher's claim of ineffective assistance of counsel is not ripe for review on direct appeal. Swisher has also raised an ineffective assistance counsel claim in his petition under 28 U.S.C. § 2255, which has been stayed pending the resolution of this appeal. **[See SER 188-205]** We will review such claims on direct appeal only "if the factual record is sufficiently developed, or [] when the legal representation is so inadequate that it obviously denies a defendant

3

his Sixth Amendment right to counsel." *United States v. Reyes-Platero*, 224 F.3d 1112, 1116 (9th Cir. 2000) (citing *United States v. Robinson*, 967 F.3d 287, 290 (9th Cir. 1992)). Neither exception applies here.

**4.      Telephonic appearance of defense witness Brockmann**

Swisher's rights under the Confrontation Clause were not violated when the district court judge permitted a defense witness unable to appear in person to testify via telephone at Swisher's request. The Sixth Amendment guarantees Swisher's right "to be confronted with the witnesses against him." U.S. Const. amend. VI. *See Crawford v. Washington*, 541 U.S. 36, 51 (2004) (noting that the Confrontation clause "applies to witnesses against the accused."). Swisher does not contend that Brockmann's testimony was adverse or inculpatory in any way. The Confrontation Clause is therefore not implicated by Brockmann's telephonic testimony.

Finally, as we conclude that the district court did not err in any of the above matters, we reject Swisher's contention that the cumulative effect of error warrants reversal here.

AFFIRMED.