**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

 

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50454 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00513-PA-1 |
| v. | |
| SEYED MAHMOOD MOUSAVI, AKA Seyyed Mahmood Mousavi, AKA Seyed Mahmoud Mousawi, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: GOULD and IKUTA, Circuit Judges, and GEORGE,** District Judge.

The government presented sufficient evidence from which a reasonable juror

could conclude beyond a reasonable doubt that Mousavi "[w]illfully ma[de] and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

subscribe[d]" to a false tax return, in violation of 26 U.S.C. § 7206(1). Specifically, the government presented evidence that Mousavi made large understatements of categories of income in successive years, and had motivation to conceal such income in order to avoid government notice of unlawful dealings with Iran. *See Holland v. United States*, 348 U.S. 121, 139 (1954); *United States v. George*, 420 F.3d 991, 999 (9th Cir. 2005). Furthermore, although the trial court incorrectly instructed the jury as to "willfulness" under this count, *see United States v. Brooksby*, 668 F.2d 1102, 1104 (9th Cir. 1982), we hold there was no plain error. Given the strength of the evidence that Mousavi knew his conduct was illegal, the omission of a proper willfulness instruction did not affect the outcome of the district-court proceeding; nor did the error seriously affect "the fairness, integrity, or public reputation of the judicial proceedings." *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). We thus affirm Mousavi's conviction under 26 U.S.C. § 7206(1).

We likewise affirm Mousavi's conviction for corrupt or forcible interference with the tax laws under 26 U.S.C. § 7212(a). An act is "corrupt" within the meaning of § 7212(a) if it is "performed with the intention to secure an unlawful benefit for oneself or for another." *United States v. Hanson*, 2 F.3d 942, 946 (9th

2

Cir. 1993). Mousavi substantially underreported income in 2002 and 2003, resulting in the avoidance of taxes and allegedly unwarranted claimed refunds of several thousand dollars. Additionally, because some of the income Mousavi failed to report was generated through illegal activity, a reasonable juror could infer that Mousavi sought to avoid government inquiry into his illegal activity. This evidence is sufficient for a reasonable juror to conclude that Mousavi acted with "the intention to secure an unlawful benefit," namely, to avoid taxes and discovery of his regulatory violations. *Id.*

For the reasons explained in the concurrently filed opinion, we hold that the evidence was sufficient to support Mousavi's conviction under 50 U.S.C. § 1705. We reject Mousavi's contention that the jury instruction given on this charge constituted plain error; the instruction incorporated a correct statement of the standard for "willfulness" in this circuit. *See United States v. Lizarraga-Lizarraga*, 541 F.2d 826, 828 (9th Cir. 1976).

We reverse Mousavi's convictions under 18 U.S.C. § 1425(a). Although, viewing the evidence in the light most favorable to the government, a reasonable juror could conclude that Mousavi made misrepresentations regarding organizational memberships or affiliations with the Iranian military, the evidence was insufficient for any reasonable juror to conclude that these omissions or

3

misrepresentations were "material." In support of the charge that Mousavi fraudulently procured naturalization, the government offered no evidence indicating that Mousavi's former memberships or military service gave rise to a fair inference of ineligibility for naturalization. *United States v. Puerta*, 982 F.2d 1297, 1303–04 (9th Cir. 1992). Rather, Special Agents Hunt and Lyons repeatedly disclaimed any assertion that the facts concealed by Mousavi were disqualifying, maintaining only that they would warrant "further review." Such testimony is insufficient to establish materiality under our precedents. *See id.* at 1303; *United States v. Alferahin*, 433 F.3d 1148, 1154–55 (9th Cir. 2006). Accordingly, evidence was insufficient to support Mousavi's conviction under 18 U.S.C. § 1425.

Similarly, the government offered no testimony indicating that Mousavi's misrepresentations regarding Iranian military service to Special Agents Thomserson and Caruth had any potential or actual effect on agency action or on the Agents' behavior. *United States v. Peterson*, 538 F.3d 1064, 1072 (9th Cir. 2008). The Agents provided no testimony about the scope of their investigations into Mousavi or the relevance of his statements to that investigation; the jury thus had no evidence regarding "what decision . . . the agency [was] trying to make." *United States v. Gaudin*, 515 U.S. 506, 512 (1995) (internal quotation marks

4

omitted).  Because of this failure to present evidence on the element of materiality, we likewise reverse Mousavi's conviction under 18 U.S.C. § 1001.

We affirm the district court's denial of Mousavi's motion to suppress. Mousavi has not identified a single document found on his computer that exceeded the scope of the warrant, nor provided any evidence of procedural violations of the warrant's computer-related terms.  The government's one-day delay in returning such computers, on defense counsel's request, is not a basis for the exclusion of documents.  *See Herring v. United States*, 129 S. Ct. 695, 702 (2009).  The testimony of Agents O'Brien and Adib indicate full compliance with the warrant's terms regarding Farsi and Arabic documents, and each of the documents Mousavi specifically challenges falls within provisions ff, hh, ii or jj of the warrant. Because Exhibit 48 contains six letters or other documents plainly within the warrant's scope, and it was found as a bound volume, the government was permitted to seize it in its entirety.  *United States v. Beusch*, 596 F.2d 871, 877 (9th Cir. 1979).

Mousavi's ineffective assistance of counsel claims are not adequately factually developed for direct review.  *United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005); *United States v. Reyes-Platero*, 224 F.3d 1112, 1116 (9th Cir. 2000).  The record is "devoid of facts concerning the motives of . . . trial

counsel," *Reyes Platero*, 224 F.3d at 1116, and without such a record this court cannot determine whether trial counsel in this case acted strategically or ineffectively, *United States v. Quintero-Barraza*, 78 F.3d 1344, 1349–50 (9th Cir. 1995). We thus may not reach these claims.

This memorandum disposition is filed concurrently with an opinion addressing Mousavi's challenges to his conviction under 50 U.S.C. § 1705, which for the reasons stated therein we affirm. Each side shall bear its own costs on appeal.

**AFFIRMED IN PART & REVERSED IN PART.**