FILED
United States Court of Appeals
Tenth Circuit

November 25, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT L. BATTLE,

Defendant-Appellant.

No. 11-3065
(D.C. Nos. 6:00-CR-10027-MLB-1 &
6:10-CV-01357-MLB)
(D. Kan.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **GORSUCH**, **EBEL**, and **HOLMES**, Circuit Judges.

Robert Battle, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his unauthorized second or successive 28 U.S.C. § 2255 motion for lack of jurisdiction.[1] We deny a COA and dismiss the matter.

---

[*]     This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]     Although the district court entered its order on December 2, 2010, it appears from the record that Mr. Battle did not receive notice of the entry of the order and judgment pursuant to Federal Rule of Civil Procedure 77(d). On Mr. Battle's motion for leave to file out of time pursuant to Federal Rule of Appellate Procedure 4(a)(6), the district court ruled that Mr. Battle was unable to file a timely notice of appeal through no fault of his own because the court had mailed its order of dismissal to an incorrect address. We construe this ruling as a grant of the Rule 4(a)(6) motion and therefore conclude we have jurisdiction.

Mr. Battle pleaded guilty in 2000 to possession with intent to distribute cocaine base. Mr. Battle was sentenced as a career offender to 210 months' imprisonment. This court affirmed his convictions on appeal. *United States v. Battle*, 15 F. App'x 721, 725 (10th Cir. 2001). In 2002, Mr. Battle filed a § 2255 motion to vacate, set aside or correct his sentence, which the district court denied. *United States v. Battle*, No. 6:00-cr-10027-MLB, Doc. 59 (D. Kan. Oct. 24, 2002) (unpublished order).

In 2010, Mr. Battle filed a second § 2255 motion in the district court. Before a federal prisoner may file a second or successive § 2255 motion in the district court, he must obtain an appellate court's authorization to do so. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); *id*. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Because Mr. Battle failed to obtain authorization from this court to file his second or successive § 2255 motion, the district court dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam) (holding that "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the circuit] court has granted the

required authorization"). Mr. Battle now seeks a COA to appeal from that dismissal.

To obtain a COA, Mr. Battle must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In his COA application, Mr. Battle argues the merits of his proposed second § 2255 motion, but does not articulate any reason why he believes his motion is not subject to the authorization requirements of § 2255(h). We have reviewed Mr. Battle's proposed § 2255 motion and his application for COA and conclude that reasonable jurists could not debate the district court's conclusion that his second § 2255 motion requires prior circuit-court authorization. Lacking such authorization, the district court properly dismissed it for lack of jurisdiction.

Accordingly, we DENY a COA and DISMISS this matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-3-