NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 17-10487 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00511-WBS-2 |
| v. | |
| ANDREW B. KATAKIS, | MEMORANDUM* |
| Defendant-Appellant. | |

| UNITED STATES OF AMERICA, | No. 18-10027 |
|---|---|
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00511-WBS-3 |
| v. | |
| DONALD M. PARKER, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted January 7, 2020
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,[**] District Judge.

Defendants-Appellants, Andrew Katakis and Donald Parker (Defendants), appeal from their judgments of conviction after a jury found them both guilty of conspiracy to violate the Sherman Act, 15 U.S.C. section 1, for their scheme to suppress competition at home-foreclosure auctions in San Joaquin County, California. We dismiss in part and affirm in part.

The district court did not abuse its discretion in denying Defendants' motion for a new trial on the basis of newly discovered evidence. That Defendants' co-conspirators may have profited at Katakis's expense in a side conspiracy does not undermine the evidence at trial showing that Katakis and Parker were knowing participants in the primary conspiracy of bid rigging. Given the other compelling testimonial and documentary evidence against Defendants admitted at trial, "a new trial in this case, even with the evidence now proffered, probably would result in [Defendants'] conviction." *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005).

The district court did not plainly err in issuing the specific aiding-and-abetting jury instruction. We have upheld convictions for aiding and abetting a conspiracy. *See United States v. Portac*, 869 F.2d 1288, 1293 (9th Cir. 1989) (Sherman Antitrust

---

[**] The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

Act conspiracy involving rig bidding); *United States v. Lane*, 514 F.2d 22, 26-27 (9th Cir. 1975). We have also upheld an aiding-and-abetting jury instruction that was substantially similar to the instruction the district court used here. *See United States v. Ortega*, 203 F.3d 675, 684 (9th Cir. 2000) ("First, the crime charged in that count of the indictment was committed; [s]econd, the defendant knowingly and intentionally aided . . . induced, or procured another person to commit that crime; and third, that defendant acted before the crime was completed" (alterations in original)). In *Ortega*, we held that this aiding-and-abetting instruction did not "undermine the conspiracy instruction" because the jury "first had to find that the crime charged, conspiracy in this case, was committed," including finding that there was an agreement between the defendant and his co-conspirator. *Id.*

Just as with the aiding-and-abetting jury instruction in *Ortega*, the district court's aiding-and-abetting jury instruction ensured that the jury first had to find the Defendants guilty of conspiracy. The government was therefore not relieved of having to prove every element of the Sherman Antitrust Act conspiracy charge. *See Carella v. California*, 491 U.S. 263, 265 (1989).

The district court did not abuse its discretion in denying Parker a new trial based on prejudicial spillover. In reviewing a motion for a new trial based on prejudicial spillover, we consider five factors. *See United States v. Lazarenko*, 564 F.3d 1026, 1044 (9th Cir. 2009) (citation omitted). Every factor militates against a

3

new trial here.

First, an obstruction of justice charge based on deleting emails is no more inflammatory than a Sherman Act charge based on bid rigging, especially where the obstruction allegations were directed not at Parker, but at Katakis. Second, antitrust conspiracy and obstruction of evidence are substantively dissimilar charges. Third, evidence of Parker's guilt, including his testimony that he participated in the round-robins and was involved in splitting the proceeds among the co-conspirators, was compelling. Fourth, the district court diligently instructed the jury by instructing it to consider each count individually and by clarifying that the obstruction of justice charge applied only to Katakis. Fifth, by acquitting the auctioneer of the same antitrust conspiracy charge, the jury rendered selective verdicts that provide evidence that it compartmentalized the district court's instructions and tailored its verdict to the specific defendants and charges before it. Based on the totality of these circumstances, we affirm the district court's denial of Parker's motion for a new trial as to prejudicial spillover.

The district did not err in denying Katakis's first ineffective-assistance-of-counsel claim for his trial counsel's alleged failure to conduct a reasonable investigation into three witnesses. After hearing testimony from all three proffered witnesses and from Katakis's trial counsel at a post-trial evidentiary hearing, the district court concluded that Katakis's trial counsel was not constitutionally deficient

4

for deciding not to call them to testify at trial. The district court's factual findings, formed over the course of a thorough evidentiary hearing, were not clearly erroneous. *See United States v. Garcia*, 997 F.2d 1273, 1283 (9th Cir. 1993). Accepting those findings, we agree with the district court that Katakis's trial counsel was not constitutionally deficient. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984).

In his second ineffective-assistance-of-counsel claim, Katakis alleges that he was deprived of his fundamental right to testify because his trial counsel refused to allow him to testify at trial. In support of this claim, Katakis relies on his trial counsel's testimony that "Katakis was not available as a witness in the defense" and "would not be able to take the stand." The parties ask us to review this issue, which Katakis raises for the first time here. We cannot do so.

We will not review a claim of ineffective assistance of counsel on direct appeal unless (1) the record on appeal is sufficiently developed to permit review and determination of the issue or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *See United States v. Lillard*, 354 F.3d 850, 856 (9th Cir. 2003) (citation omitted). The parties suggest that the first exception applies here. We disagree.

To determine whether Katakis was deprived of his constitutional right to testify in his own defense, we need a record in which a trial court has explored what

Katakis's trial counsel meant by his previous testimony and other relevant factual inquiries. Without an adequate record, we must dismiss Katakis's second ineffective-assistance-of-counsel claim for Katakis to "pursue the issue in district court collateral proceedings," if he wishes to do so. *United States v. Rahman*, 642 F.3d 1257, 1260 (9th Cir. 2011), *quoting United States v. Reyes–Platero*, 224 F.3d 1112, 1117 (9th Cir. 2000).

Finally, the district court did not err in denying Defendants' motion for a new trial based on the cumulative-error doctrine. "[C]umulative error is simply inapplicable" to claims of error we reject. *United States v. Fernandez*, 388 F.3d 1199, 1256 (9th Cir. 2004) (citation omitted). Because we conclude that there were no errors, there is nothing for us to accumulate.

**DISMISSED** in part and **AFFIRMED** in part.